```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

ASHLEY JORDAN MANKIN

    Plaintiff,

v.                                    Case No. 8:15-CV-2071-T-33JSS


HAIR THERAPY FOR WOMEN, LLC,
ET AL.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendants Hair Therapy for Women, LLC and Bobbi Russell's Motion to Dismiss Complaint filed on October 7, 2015 (Doc. # 12). Plaintiff Ashley Jordan Mankin filed a response in opposition also on October 7, 2015 (Doc. # 13). The cause is now ripe for review.

**I.   Background**

In her Complaint, Mankin brings one Count for failure to pay overtime compensation in violation of the Fair Labor Standards Act, 29 U.S.C. § 207. (Doc. # 1 at 3). The Complaint alleges that Hair Therapy for Women and Russell are employers and a covered enterprise, as defined by the FLSA. (Id. at ¶¶ 3-4). The Complaint further alleges that "Plaintiff and others similarly situated were employees of Defendants . . ."

1

and "Defendants failed to comply with the FLSA because Plaintiff, and other similarly situated hairdressers, were regularly required to work in excess of forty (40) hours a workweek but were not paid overtime compensation . . . ." (Id. at ¶¶ 6-7). Furthermore, Hair Therapy for Women and Russell allegedly failed to keep accurate time records as required by the FLSA. (Id. at ¶ 9). These putative violations allegedly occurred over a 3 year period preceding the filing of this action. (Id. at ¶ 13).

## II. Legal Standard

Federal Rule of Civil Procedure Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A party may attack the sufficiency of a pleading under Rule 12(b)(6); that is, a complaint may be attacked—and dismissed—for "failure to state a claim upon which relief can be granted." In reviewing a 12(b)(6) motion to dismiss, a court applies the plausibility standard as articulated in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). In short, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 679. The Court

2

further expounded that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In applying the Twombly-Iqbal standard to FLSA claims, the Eleventh Circuit has noted that "the requirements to state a claim of a FLSA violation are quite straightforward." Sec'y of Labor v. Labbe, 319 Fed. Appx. 761, 763 (11th Cir. 2008). "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees . . . ." Id.; see also Chao v. Rivendell Woods, Inc., 415 F.3d 342, 348 (4th Cir. 2005) (holding complaint alleging FLSA violation sufficient as it identified the employees alleged to have worked overtime, described employer's FLSA violations, and alleged the time frame in which the violations occurred). District courts have applied Labbe to mean that "where a complaint alleges that since a certain date, the defendant repeatedly violated stated provisions of the FLSA by failing to compensate employees in excess of forty hours a week at the appropriate rates the requisite pleading standard is satisfied." Houston v. JT Private Duty Home Care, LLC, No. 2:14-cv-245-FtM-38DNF, 2014

WL 4854528, at *4 (M.D. Fla. Sept. 29, 2014) (internal quotation marks and alterations omitted).

In addition, "[t]here is no requirement that the Plaintiff explicitly state the amount of damage, but only that the Plaintiff worked in excess of forty hours a week and was not paid overtime wages." Ramos v. Aventura Limousine & Transp. Serv., Inc., No. 12-21693-CIV, 2012 WL 3834962 at *2 (S.D. Fla. Sept. 4, 2012); see also Dobbins v. Scriptfleet, Inc., No. 8:11-cv-1923-T-24AEP, 2012 WL 601145 at *3 (M.D. Fla. Feb. 23, 2012) (rejecting argument that a plaintiff must plead an estimate of the amount of uncompensated hours worked).

### III. Analysis

Hair Therapy for Women and Russell argue that the Complaint does not contain sufficient factual allegations regarding how they are a covered enterprise and how Mankin is a covered individual. (Doc. # 12 at ¶¶ 5-9). In addition, Hair Therapy for Women and Russell argue that the Complaint fails to state a cause of action because it does not allege any facts regarding Mankin's damages (e.g., the amount of back wages allegedly due), as well as the fact that no dates of employment are alleged. (Id. at 10-11). For her part, Mankin contends that the Complaint meets the Labbe standard.

4

A review of the Complaint shows that the Complaint, to be sure, is brief in its allegations. However, the Court finds that the Complaint sufficiently pleads a claim under the FLSA. As stated, "where a complaint alleges that since a certain date, the defendant repeatedly violated stated provisions of the FLSA by failing to compensate employees in excess of forty hours a week at the appropriate rates the requisite pleading standard is satisfied." Houston, 2014 WL 4854528, at *4. Furthermore, Mankin was not required to plead an estimate of the back wages owed. Dobbins, 2012 WL 601145 at *3.

The instant Complaint alleges that Mankin was an employee of a covered enterprise, which for the past 3 years failed to keep accurate time records and pay employees, including Mankin, for hours worked over 40 hours in a workweek. (Doc. # 1 at ¶¶ 3-4, 6-7, 9, 13). Such allegations are sufficient under this Circuit's precedent. Therefore, Hair Therapy for Women and Russell's Motion to Dismiss is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Hair Therapy for Women and Russell's Motion to Dismiss Complaint (Doc. # 12) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 13th day of October, 2015.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record