UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY JORDAN MANKIN

      Plaintiff,

v.                              Case No. 8:15-CV-2071-T-33JSS

HAIR THERAPY FOR WOMEN, LLC,
ET AL.,

      Defendants.

_____/

## ORDER

This matter comes before the Court on Defendants Hair Therapy for Women, LLC and Bobbi Russell's Motion to Stay Proceedings and Compel Arbitration (Doc. # 18), filed on October 14, 2015. Plaintiff Ashely Jordan Mankin filed a response in opposition on October 26, 2015. (Doc. # 20). Being otherwise fully advised, the Court denies the Motion Compel Arbitration for the following reasons.

## I.   Background

Mankin filed the instant action on September 8, 2015. (Doc. # 1). The one-count Complaint alleges that Hair Therapy and Russell violated the Fair Labor Standards Act, 29 U.S.C. § 216(b), (FLSA) by failing to pay overtime compensation for hours worked over 40 in any given workweek. (Id. at ¶¶ 12-

15). Hair Therapy and Russell filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on October 7, 2015 (Doc. # 12), which was denied by this Court on October 13, 2015 (Doc. # 15). Thereafter, Hair Therapy and Russell filed their Answer and the pending Motion to Compel Arbitration on October 14, 2015. (Doc. ## 17-18).

Attached to the Motion to Compel Arbitration is a copy of an employment Agreement, which was entered into by Hair Therapy and Mankin. (Doc. # 18-1). The Agreement contains the following clause:

> 17. Mediation and Arbitration. Any disputes between the parties hereto, whether arising under this Agreement or otherwise, which the parties cannot resolve between themselves using good faith shall be:
>
> > 17.1 Referred to a court certified mediator of the Circuit Court in the County of the principal office of the Employer, and any mediation shall be held in the County of the principal office of the Employer. The parties shall share equally in the cost of said mediation.
> >
> > 17.2 In the event that said dispute is not resolved in mediation, the parties shall submit the dispute to a neutral arbitrator residing in the County of the principal address of the Employer. The arbitration shall be held in the County of the principal office of the Employer. The Employer shall recover all fees and costs of said arbitration. In the event that the parties are unable to agree

2

> upon an arbitrator within 15 days of the date
> on which either party requests arbitration of
> a matter, the arbitrator shall be provided by
> the American Arbitration Association. The
> parties further agree that full discovery
> shall be allowed to each party to the
> arbitration and a written award shall be
> entered forthwith. Any and all types of relief
> that would otherwise be available in Court
> shall be available to both parties in the
> arbitration. The decision of the arbitrator
> shall be final and binding. Arbitration shall
> be the exclusive legal remedy of the parties.
> Judgment upon the award may be entered in any
> court of competent jurisdiction pursuant to
> Florida Statutes Chapter 682, as amended, The
> Arbitration Code.

(Id. at 4-5).

However, this is not the first suit between Hair Therapy and Mankin. On March 2, 2015, Hair Therapy filed suit against Mankin and Lavish Locks by Jordan, LLC, a non-party to the instant action, in the 13th Judicial Circuit, in and for Hillsborough County, Florida, Case Number 15-CA-001943. (Doc. # 20 at 5). In the earlier-filed state court action, Hair Therapy seeks relief for an alleged violation of a non-compete provision in the Agreement between Hair Therapy and Mankin. (Id.). A review of the state court's docket shows no motion to compel arbitration has been filed.[1]

---

[1] Martin K. Eby Const. Co., Inc. v. Jacobs Civil, Inc., No. 3:05-cv-394-J-32TEM, 2006 WL 1881359, at *1 (M.D. Fla. July 6, 2006) (stating "the Court may take judicial notice of documents filed in other judicial proceedings . . .").

## II.  Discussion

"The validity of an arbitration agreement is generally governed by the Federal Arbitration Act, 9 U.S.C. §§ 1 et seq. (the 'FAA'). . . ." Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005). The FAA places arbitration agreements on the same footing as other contracts, Id., and "arbitration is simply a matter of contract . . . ." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 943 (1995). "[W]hen determining whether an arbitration agreement exits, 'courts generally . . . should apply ordinary state-law principles that govern the formation of contracts.'" Dasher v. RBC Bank (USA), 745 F.3d 1111, 1116 (11th Cir. 2014) (quoting First Options of Chi., 514 U.S. at 944); see also Caley, 428 F.3d at 1368.

However, "whether [a party] waived its right to arbitration, as opposed to whether the contract is void under [state] law, is controlled solely by federal law." S & H Contractors, Inc. v. A.J. Taft Coal Co., Inc., 906 F.2d 1507, 1514 (11th Cir. 1990). "Arbitration should not be compelled when the party who seeks to compel arbitration has waived that right." Morewitz v. W. of Eng. Ship Owners Mut. Prot. and Indem. Ass'n (Luxembourg), 62 F.3d 1356, 1365 (11th Cir. 1995); see also Ivax Corp. v. B. Braun of Am., Inc., 286 F.3d

1309, 1315 (11th Cir. 2002). Although "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration," Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983), "the doctrine of waiver is not an empty shell," Morewitz, 62 F.3d at 1366.

A party waives its right to compel arbitration when, under the totality of the circumstances, it "substantially participates in litigation to a point inconsistent with an intent to arbitrate and this participation results in prejudice to the opposing party." Id.; S & H Contractors, 906 F.2d at 1514. Prejudice occurs where "the party seeking arbitration allows the opposing party to undergo the types of litigation expenses that arbitration was designed to alleviate." Morewitz, 62 F.3d at 1366. In determining if a party has been prejudiced, courts consider "the length of delay in demanding arbitration and the expense incurred by that party from participating in the litigation process." S & H Contractors, 906 F.2d at 1514.

The Court finds Morewitz, 62 F.3d 1356, instructive. In Morewitz a cargo ship disappeared at sea, along with its eighteen crew members. Id. at 1359. The administrator of the estates of crew members sued the ship's owner and manager in

5

the District Court for the Eastern District of Virginia. Id.

Thereafter, the administrator brought suit against the

insurer in a separate action in the District Court for the

Southern District of Alabama. Id. at 1358, 1360-61. The

insurer moved to compel arbitration, which the district court

granted. Id. at 1361. Because of the administrator's refusal

to arbitrate, the district court dismissed the action with

prejudice. Id. On appeal, the Eleventh Circuit reversed. Id.

at 1367. The court held that the insurer waived its right to

compel arbitration because it had retained counsel to defend

the action brought by the administrator in Virginia and yet

never mentioned the arbitration clause in the insurance

policy. Id. at 1359, 1366.

Furthermore, the Eleventh's Circuit more recent opinion

in Ivax, 286 F.3d 1309, does not change the outcome here. In

that case, Ivax and Braun entered into an agreement whereby

Braun would purchase all outstanding stock of Ivax's

subsidiary. Id. at 1311. The agreement contained an

arbitration clause and a clause allowing Ivax to have its

accounting firm verify Braun's records. Id. at 1312. Braun

subsequently required Ivax's accounting firm to sign a

confidentiality agreement as a precondition to examining its

financial records. Id. at 1313. Braun thereafter filed suit

6

against the accounting firm alleging it breached the confidentiality agreement. Id. at 1314. The next day, Ivax sued Braun and Braun moved to compel arbitration. Id. at 1315-16. The district court denied the motion to compel arbitration on the ground that Braun waived its right to arbitration by filing suit against the accounting firm. Id. at 1315-16.

On appeal, the Eleventh Circuit held that Braun had not waived its right to compel arbitration in the suit between Ivax and Braun by filing suit against the accounting firm. Id. at 1323. The court reasoned that Braun's suit against the accounting firm did not constitute a waiver of its right to compel arbitration in the Ivax litigation because the accounting firm was not a party to the arbitration agreement. Id. at 1316-17. In reaching its decision, the court distinguished precedent standing for the proposition that when a party seeking to compel arbitration in a later-filed action is the plaintiff in an earlier-filed action between co-signatories to an arbitration agreement, then the party seeking to compel arbitration will have waived its right to compel arbitration. Id. at 1317.

When read together, Morewitz and Ivax stand for the following proposition. As between co-signatories to an arbitration agreement, when one signatory first sues another

7

signatory without resorting to arbitration and the requisite prejudice exists, then that party waives its right to compel arbitration in a later-filed action by the other signatory. In contrast, when a signatory files suit only against a non-signatory, then the signatory has not have waived its right to compel arbitration in a later-filed action by another signatory.

Applying the above to the instant case, it is evident that Hair Therapy waived its right to compel arbitration in this action brought by Mankin. Hair Therapy and Mankin are co-signatories to the same arbitration agreement. (Doc. # 18-1). Hair Therapy filed suit in state court against Mankin, a signatory to the arbitration agreement, and Lavish Locks by Jordan, a non-signatory, on March 2, 2015. (Doc. # 20 at 5). Notably, the earlier-filed state court action seeks relief for an alleged breach of the employment Agreement between Mankin and Hairy Therapy. (Id.). That same Agreement contains the arbitration agreement Hair Therapy now seeks to enforce in this instant action brought by Mankin. See (Doc. # 18-1).

By filing suit against Mankin in state court, Hair Therapy has substantially participated in litigation to a point inconsistent with an intent to arbitrate. To be sure, the extent of Hair Therapy's participation is evidenced by

the service and filing of interrogatories, two motions to compel, and a notice and subpoena to take the deposition of Mankin in the state court action. Case Number 15-CA-001943. Further, Hair Therapy's participation prejudiced Mankin, who has been forced to defend a suit for more than 7 months in state court. See Id. For example, Mankin almost certainly incurred attorney's fees for the preparation, service, and filing of her answer and affirmative defenses, objections to the notice and subpoena filed by Hair Therapy, and responses to Hair Therapy's interrogatories. See Id. Therefore, under Morewitz, this Court denies Hair Therapy and Russell's Motion to Compel Arbitration.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Hair Therapy for Women and Russell's Motion to Stay Proceedings and Compel Arbitration (Doc. # 18) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of October, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record