UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ASHLEY JORDAN MANKIN, on behalf of
herself and others similarly situated,

    Plaintiff,

vs.
                              Case No.: 8:15-cv-02071-VMC-JSS

HAIR THERAPY FOR WOMEN, LLC and
BOBBI J. RUSSELL,

    Defendants.

_____/

**JOINT STIPULATION FOR DISMISSAL WITH PREJUDICE
AND THAT JUDICIAL APPROVAL OF THE SETTLEMENT IS UNNECESSARY**

**I.
STIPULATION FOR DISMISSAL WITH PREJUDICE**

Plaintiff, ASHLEY JORDAN MANKIN ("Plaintiff"), and Defendants, HAIR THERAPY FOR WOMEN, LLC and BOBBI J. RUSSELL ("Defendants"), pursuant to Federal Rule of Civil Procedure 41(a) and by and through their respective undersigned counsel, do hereby stipulate and agree to the dismissal of all claims by the Plaintiffs against the Defendant, with prejudice. The parties hereby stipulate and agree that the action is DISMISSED WITH PREJUDICE.

**II.
STIPULATION THAT JUDICIAL APPROVAL
OF THE SETTLEMENT IS UNNECESSARY**

1.    Plaintiff worked for Defendants as a hairdresser.

2. On March 2, 2015, Defendant Hair Therapy For Women LLC filed a lawsuit against Plaintiff in Hillsborough County circuit court in the case of *Hair Therapy For Women LLC v. Ashley Jordan Mankin & Lavish Locks by Jordan LLC*, No. 15-CA-001943 (Fla. 13th Jud. Cir.), seeking damages and injunctive relief for alleged violation of non-competition and non-solicitation agreements. The parties then engaged in extensive litigation in the state case.

3. After Hair Therapy For Women LLC sued in state court, Mankin commenced this FLSA for overtime wages. Thereafter, the parties settled all pending litigation, the primary terms of which are as follows: 1) no payment of damages in either case; 2) agreements regarding non-solicitation; 3) agreements regarding competitive activities; 4) agreements regarding competitive marketing; 5) payment by Mankin of $2,000.00 for attorneys fees for the state court case; and 6) dismissal, with prejudice, of both cases.

4. In *Whitley v. Cumbey & Fair, Inc.*, No. 8:11-cv-1272 (M.D. Fla. Nov. 17, 2011) (Doc. 11) (attached hereto as Exhibit A), Judge Merryday acknowledged in a very similar case that a settlement in these circumstances does not have to be approved under *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982). The court concluded, in light of the fact that the state law case was filed first and seemed to constitute the primary dispute between the parties and the "FLSA claims [appeared to be] stipulated away as an afterthought," that "the parties lack a bona fide FLSA dispute [and thus j]udicial approval of the settlement is awkward and unnecessary." *Id.* at 2.

5.  Likewise in the instant case, the state law case was filed first and constituted the primary dispute between the parties. This is reflected in the settlement terms, which primarily address non-solicitation and non-competition concerns.

6.  WHEREFORE, the parties stipulate that approval of the settlement in these circumstances does not have to be approved under *Lynn's Food Stores, Inc.*

Respectfully submitted on this 10th day of December, 2015.

/s/ Kimberly Isner Monticello
Kimberly Isner Monticello
Florida Bar No. 056069
MONTICELLO LAW FIRM, P.A.
2202 N. Westshore Blvd.
Suite 200
Tampa, Florida 33602
Telephone: (813) 367-3677
Facsimile: (813) 767-5734
kmonticello@monticellolawfirm.com
*Attorneys for Defendants*

/s/ Jay P. Lechner
Jay P. Lechner
Florida Bar No. 0504351
Jason M. Melton
Florida Bar No. 605034
WHITTEL & MELTON LLC
One Progress Plaza
200 Central Avenue, #400
St. Petersburg, Florida 33701
Telephone: (727) 822-1111
Facsimile: (727) 898-2001
lechnerj@theFLlawfirm.com
Pleadings@theFLlawfirm.com
Shelley@theFLlawfirm.com